UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )     Civil Action No. 09-2111 (PLF)
                                    )     Civil Action No. 11-1645 (PLF)
ELISSE WALTER, Chairman,            )     Civil Action No. 12-0301 (PLF)
Securities and Exchange Commission, )
et al.,                             )
                                    )
    Defendants.[1]                  )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on the following motions: (1) defendant's motion to dismiss or, in the alternative, for summary judgment in Koch v. Walter, Civil Action No. 09-2111; (2) defendant's motion to dismiss in Koch v. Holder, Civil Action No. 11-1645; and (3) defendants' motion to dismiss, or, in the alternative, for summary judgment in Koch v. Walter, et al., Civil Action No. 12-0301.

        Plaintiff Randolph S. Koch, although a lawyer, is acting *pro se* in the three cases listed above as well as in three additional cases pending before this Court. See Civil Action No. 08-1521, Civil Action No. 10-0150, Civil Action No. 12-1934.[2] Mr. Koch has failed to respond

---

[1] Elisse Walter, the current Chairman of the Securities and Exchange Commission, has been substituted for former Chairman Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure in Civil Action Nos. 09-2111 and 12-0301.

[2] The government submitted dispositive motions in Civil Action Nos. 08-1521 and 10-0150, and, after a series of extensions, Mr. Koch responded to these motions on February 8, 2013.

to the dispositive motions listed above, despite numerous extensions.  See April 25, 2012 Order, Civil Action Nos. 09-2111 and 11-1645 (finding that "[t]he time has come for Mr. Koch to pursue his cases or abandon them");  June 25, 2012 Order, Civil Action Nos. 09-2111 and 11-1645 (setting briefing schedule); Minute Orders dated August 16, 2012 and September 19, 2012, Civil Action No. 09-2111 (granting extensions); November 2, 2012 Minute Order, Civil Action No. 12-0301 (granting extension); Minute Orders dated November 19, 2012, November 28, 2012, Civil Action No. 11-1645 (granting extensions); January 4, 2013 Memorandum Opinion and Order, Civil Action No. 09-2111 (denying plaintiff's Rule 56(d) motion and ordering plaintiff to respond on or before February 8, 2013); January 7, 2013 Minute Order, Civil Action No. 11-1645 (granting extension but stating that no extensions of time would be granted beyond January 11, 2013); January 7, 2013 Minute Order, Civil Action No. 12-0301 (granting extension but stating that no extensions would be granted after January 25, 2013).

      Because the defendant's motion could potentially dispose of this case, the Court will advise this *pro se* plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

      The plaintiff's attention therefore is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to [a] motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LOC. CIV. R. 7(b).

Thus, the Court may treat as conceded any motion not opposed within the time limits set forth in the ordering paragraph of this Memorandum Opinion and Order. Alternatively, the Court may consider on the merits any motion not opposed within the time limits set forth in this Order. As a result, any failure to respond to the defendants' pending motions to dismiss or for summary judgment carries with it the risk that the plaintiff's complaints will be dismissed or that judgment will be entered for defendants. Accordingly, it is hereby

ORDERED that, by February 28, 2013, the plaintiff shall respond to defendants' dispositive motions: (1) defendant's motion to dismiss or, in the alternative, for summary judgment in Civil Action No. 09-2111 [Dkt. 8]; (2) defendant's motion to dismiss in Civil Action No. 11-1645 [Dkt. 6]; (3) defendants' motion to dismiss, or, in the alternative, for summary judgment in Civil Action No. 12-0301 [Dkt. 15]. If the plaintiff does not respond by that date, the Court may treat the defendant's motion as conceded.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: February 15, 2013                      United States District Judge