UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RANDOLPH S. KOCH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-1645 (PLF) |
| ERIC H. HOLDER, JR., Attorney General of the United States, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

This employment discrimination matter is before the Court on defendant's motion to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendant Eric H. Holder, Jr., the Attorney General of the United States, filed the motion on March 14, 2012, approximately one year ago. See Defendant's Motion to Dismiss ("Def.'s Mot."), Dkt. No. 6. *Pro se* plaintiff, Randolph S. Koch, did not file an opposition. On February 15, 2013, the Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), directing Mr. Koch to respond to defendant's dispositive motion by February 28, 2013, and informing him of the risks of failing to respond. See Order, Dkt. No. 19. Although Mr. Koch is trained as an attorney and has submitted briefs in opposition to dispositive motions in numerous other related cases, he has not responded

to the motion to dismiss in this action.[1]  Nor has he made any request for an extension of time, or made any other filing with the Court in the time since the Court's February 15, 2013 Order.

In these circumstances, the Court may treat the Attorney General's motion as conceded.  D.D.C. Loc. Civ. R. 7(b); see also Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (finding that district court did not abuse its discretion in granting motion to dismiss on the basis that plaintiffs' failure to timely respond was a concession of the motion's validity under Local Civil Rule 7(b)).  The Court also has considered the substance of the motion to dismiss and, after careful consideration of the motion and the relevant case law and statutes, has concluded that the motion should be granted on its merits.

I.  BACKGROUND

Randolph Koch is a former employee of the Securities and Exchange Commission ("SEC").  Compl. ¶ 1, Dkt. No. 1.  Mr. Koch alleges that he is disabled within the meaning of the Rehabilitation Act.  See id. ¶ 6.  Although the Complaint contains no allegations of his other protected statuses, the Court takes judicial notice of the fact that Mr. Koch, in related lawsuits, has described himself as over forty years old, white, and Jewish.  See, e.g., Koch v. Schapiro, 777 F. Supp. 2d 86, 87 (D.D.C. 2011); Koch v. Schapiro, 697 F. Supp. 2d 65, 67 (D.D.C. 2010).  Koch brings this suit against the Attorney General in his official capacity as head of the Department of Justice.

---

[1] See, e.g., Plaintiff's Memorandum in Support of His Opposition to Defendant's Motion to Dismiss, Civil Action No. 08-1521, Dkt. No. 62; Plaintiff's Memorandum of Points and Authorities to Defendant's Dispositive Motion, Civil Action No. 10-0150, Dkt. No. 33.

Mr. Koch claims that an employee of the Justice Department, Assistant United States Attorney Marina Braswell, discriminated and retaliated against Koch during a deposition taken in a related case, Koch v. Donaldson, et al., Civil Action No. 02-1492.  According to Koch, Braswell questioned him during the deposition about his time and attendance as an employee at the SEC.  Compl. ¶¶ 5-6, 8.  Koch alleges that these questions were inappropriate and beyond the scope of that lawsuit.  Id. ¶¶ 7-9.  He then alleges that Braswell conspired with counsel at the SEC to initiate an investigation by the SEC's Office of Inspector General ("OIG") into his time and attendance.  Id. ¶ 10.  Koch asserts that these alleged acts by a Justice Department employee – asking improper questions during a deposition and conspiring to initiate an OIG investigation into Mr. Koch's conduct – constitute unlawful discrimination against him because of his age, race, religion, and disability, and unlawful retaliation for his protected activities in opposing discrimination in employment.  Compl. ¶¶ 24-25, 31-32.

Koch filed an administrative complaint with the Justice Department alleging discrimination and retaliation.  The complaint was dismissed on the basis that he was not an "aggrieved employee" or an "aggrieved applicant for employment" under 29 C.F.R. § 1614.103 and that his complaint therefore failed to state a claim for relief under 29 C.F.R. § 1614.107(a)(1).  See "Def.'s Mot." at 3.  The Office of Federal Operations affirmed the dismissal.  Id. at 3-4 (citing Koch v. Holder, EEOC Decision No. 0120113607, 2011 WL 5023352 (Oct. 14, 2012)).  Koch subsequently initiated this civil action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., Sections 501 and 505 of the Rehabilitation Act, 29

U.S.C. §§ 791 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. Compl. ¶ 3. The Attorney General moved to dismiss.

## II.  DISCUSSION

Mr. Koch invokes three different federal statutes that prohibit discrimination in employment. Title VII of the Civil Rights Act prohibits executive agencies from engaging in employment discrimination based on race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-16(a). The ADEA provides, in pertinent part, that "[i]t shall be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Rehabilitation Act prohibits, among other things, discrimination on the basis of disability in federal employment. See 29 U.S.C. § 794. These statutes also prohibit federal agencies from retaliating against employees for engaging in protected activities. See 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d); 29 U.S.C. § 791; 42 U.S.C. § 12203(a); see also Baloch v. Kempthorne, 550 F.3d 1191, 1198 (D.C. Cir. 2008).

The Attorney General asserts that Mr. Koch cannot state a claim against him under any of these statutes because Koch was never employed by the Department of Justice, and because Koch's allegations do not fall within a recognized exception for non-employees. Def.'s Mot. at 2. The Court agrees.

Title VII, the ADEA, and the Rehabilitation Act cover "only 'employees in a direct employment relationship' with the employer" and applicants for employment. See Delbert v. Duncan, --- F. Supp. 2d ----, 2013 WL 565867, at *2 (D.D.C. Feb. 14, 2013) (quoting Spirades

v. Reinhardt, 613 F.2d 826, 829 (D.C. Cir. 1979)) (dismissing Title VII claim brought by non-employee); see also Miller v. Clinton, 687 F.3d 1332, 1346 (D.C. Cir. 2012) (explaining that ADEA and Rehabilitation Act are modeled on and should be construed consistently with Title VII). Only in very limited circumstances may an individual who neither worked for, nor sought employment with, an agency bring an employment discrimination claim against that agency.[2] The D.C. Circuit has held that a plaintiff may bring a discrimination claim against a non-employer defendant if the defendant "control[s] access to such employment and . . . den[ies] such access by reference to invidious criteria." Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1342 (D.C. Cir. 1973) (permitting claim under Title VII against government entity that stood between worker and actual employer); see also Redd v. Summers, 232 F.3d 933, 940-41 (D.C. Cir. 2000) (finding Sibley exception did not save Rehabilitation Act claim where non-employer defendant did not serve as intermediary between plaintiff and actual employer).

    Mr. Koch has made no allegation that he ever worked for or applied for employment at the Department of Justice. Nor has he alleged any facts that would support an inference that the Justice Department controlled access to his employment at the SEC. Accordingly, he has no cause of action against the Justice Department under Title VII, the Rehabilitation Act, or the ADEA.[3] Because the Court cannot find any reason to believe that the

---

[2]  The Supreme Court has recognized that a *former* employee may bring a civil action under these statutes. See Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997).

[3]  The Attorney General also asserts that Koch's allegations are purely speculative and insufficient to support a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) . Def.'s Mot. at 2. The Attorney General further argues that Koch has already challenged his firing in another proceeding, and that Koch's claim therefore violates the rule against splitting causes of action. Id. Because the Court finds that Koch lacks the requisite employment relationship with the Department of Justice to state a claim, it does not consider these additional arguments.

Complaint could be amended to state a claim under these statutes, it will dismiss the Complaint with prejudice and dismiss the action in its entirety.

An Order consistent with this Opinion will issue this same day.

/s/___________________________
PAUL L. FRIEDMAN
United States District Court

DATE: March 13, 2013