UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
RANDOLPH S. KOCH,                       )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        Civil Action No.  11-1645 (PLF)
                                        )
ERIC HOLDER, JR.,                       )
   Attorney General of the United States. )
                                        )
              Defendant.                )
_____ )


MEMORANDUM OPINION AND ORDER

       On March 13, 2013, the Court granted the defendant's motion to dismiss

plaintiff's complaint in this employment discrimination matter.  Koch v. Holder, 930 F. Supp. 2d

14 (D.D.C. 2013).  The plaintiff has moved for reconsideration pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure.  Upon careful consideration of the parties' arguments, this

Court's March 13, 2013 decision, and the entire record in this case, the Court will deny

plaintiff's motion.[1]

       Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil

Procedure "need not be granted unless the district court finds that there is an intervening change

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice."  Dyson v. District of Columbia, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting

---

[1]       The papers reviewed in connection with the pending motion include the
following: plaintiff's civil complaint ("Compl.") [Dkt. No. 1]; defendant's motion to dismiss
[Dkt. No. 6]; plaintiff's motion for reconsideration [Dkt. No. 22]; defendant's opposition to
plaintiff's motion for reconsideration [Dkt. No. 24], and this Court's Memorandum Opinion
dismissing plaintiff's complaint [Dkt. No. 21], cited as Koch v. Holder, 930 F. Supp. 2d 14
(D.D.C. 2013)).

<u>Ciralsky v. CIA</u>, 355 F.3d 661, 671 (D.C. Cir. 2004)). Rule 59(e) motions "may not be used . . . to raise new arguments or present evidence that could have been raised prior to the entry of judgment." <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (internal quotation omitted); <u>see</u> <u>also</u> <u>MDB Commc'ns, Inc. v. Hartford Casualty Ins. Co.</u>, 531 F. Supp. 2d 75, 79 (D.D.C. 2008). Motions for reconsideration are disfavored and are "granted only when the moving party establishes extraordinary circumstances." <u>Solomon v. Univ. of Southern California</u>, 255 F.R.D. 303, 305 (D.D.C. 2009) (quoting <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d at 28).

The Court notes at the outset that the plaintiff, Randolph S. Koch, attempts in his motion "to raise new arguments . . . that could have been raised prior to the entry of judgment." <u>Niedermeier v. Office of Max S. Baucus</u>, 153 F. Supp. 2d at 28. The government filed the motion to dismiss on March 14, 2012. The Court subsequently granted Mr. Koch several extensions of time within which to oppose the government's motion. <u>See</u> Minute Order dated November 19, 2012; Minute Order dated November 28, 2012; Minute Order dated January 7, 2013. On February 15, 2013, the Court directed Mr. Koch to file his opposition no later than February 28, 2013, and informed him of the risks of failing to respond. <u>See</u> Mem. Op. & Order, Dkt. No. 19. But Mr. Koch did not submit any response by this deadline. It was only *after* the Court rendered a decision in the government's favor that Mr. Koch responded to the motion to dismiss, via his motion for reconsideration. The plaintiff cannot distort the legal process by seeking consideration now of legal arguments that he declined to make in the first instance.[2]

---

[2]    The Court notes that while Mr. Koch is proceeding *pro se*, he has been trained as an attorney and has submitted briefs in opposition to dispositive motions in numerous other cases. <u>See</u>, <u>e.g.</u>, Plaintiff's Memorandum in Support of His Opposition to Defendant's Motion to Dismiss, Civil Action No. 08-1521, Dkt. No. 62; Plaintiff's Memorandum of Points and Authorities to Defendant's Dispositive Motion, Civil Action No. 10-0150, Dkt. No. 33.

Furthermore, Mr. Koch's belated objections lack merit. In his complaint, Mr. Koch asserted that the Department of Justice had unlawfully discriminated against him on the basis of his age, race, religion, and disability, and had retaliated against him based on his protected activity, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*; sections 501 and 505 of the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* Compl. ¶¶ 3, 20-34. These statutes protect employees or applicants for employment from discrimination with regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (ADA); see also 42 U.S.C. § 2000e–2(a)(1) (Title VI); 29 U.S.C. § 623(a)(1) (ADEA).

Mr. Koch has made no allegation that he ever worked or applied for employment at the Department of Justice. Instead, Mr. Koch's claims arise from events surrounding discovery proceedings for another employment discrimination case, which plaintiff brought against the Securities and Exchange Commission in 2002. See Koch v. Schapiro, Civil Action No. 02-1492. Mr. Koch alleges that during a deposition conducted by an SEC attorney and an Assistant United States Attorney, the Assistant U.S. Attorney asked questions that were "improper" and "beyond the scope of permissible discovery." Compl. ¶ 8.

As the Court noted in its March 13, 2012 decision, an individual who neither worked for nor sought employment with a federal agency may only bring a claim under the employment discrimination statutes against that agency in very limited circumstances. In essence, such a claim will survive only upon a showing that the defendant agency exercised some degree of control over plaintiff's employment. Koch v. Holder, 930 F. Supp. 2d at 17 (citing Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1342 (D.C. Cir. 1973)). But Mr. Koch has alleged no facts to support an inference that the Department of Justice maintained or

exercised control over any aspect of his employment.  See Compl. ¶¶ 5-10.[3]  The Court

therefore concluded that Mr. Koch had failed to state a claim under the employment

discrimination statutes.  Koch v. Holder, 930 F. Supp. 2d at 17.  The cases cited by plaintiff in

his motion for reconsideration are inapposite, and the Court finds no basis for reconsidering its

decision to dismiss the complaint in this case.

Accordingly, it is hereby

ORDERED that [Dkt. No. 22] Mr. Koch's motion for reconsideration is

DENIED; and it is

FURTHER ORDERED that [Dkt. No. 22] Mr. Koch's belated motion for an

extension of time to respond to the defendant's motion to dismiss is DENIED AS MOOT.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE:  January 23, 2014              United States District Judge

---

[3]      Moreover, although Mr. Koch alleges that information disclosed in this deposition
led to a retaliatory investigation launched by the SEC, he fails to allege any facts to support an
inference that the Department of Justice, the sole defendant in this case, acted with
discriminatory or retaliatory purpose.